# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**HAZEL EVANS AND THE
SUCCESSION OF DELBERT EVANS
Plaintiff**

**CIVIL ACTION**

**CASE NO. 17-cv-00565-BAJ-EWD**

**VERSUS**

**AMERICAN MODERN HOME INSURANCE
COMPANY AND APRIL USA, INC.
Defendants**

******************************************************************************

## APRIL USA, INC.'S THIRD PARTY COMPLAINT AGAINST SEVEN CORNERS, INC.

NOW INTO COURT, through undersigned counsel, comes April USA, Inc. ("April"), who submits this Third Party Complaint under Federal Rule of Civil Procedure 14 against Seven Corners, Inc.

1.

Made Third Party Defendant herein is Seven Corners, Inc.; upon information and belief, Seven Corners is a corporation incorporated in Indiana with its principal place is business in Indiana.

2.

This Court has jurisdiction over this Third Party Complaint under 28 USC §1367 and 28 USC §1332.

3.

April was made a defendant in the above-captioned lawsuit.

4.

Plaintiffs, Hilda Evans and the Succession of Delbert Evans, allege that Hilda and Delbert Evans purchased a travel insurance policy from April, which was underwritten by American Modern Home Insurance (AMIC), and which provided travel protection, accidental death benefits, and other benefits to Hilda and Delbert Evans while aboard a cruise.

5

Plaintiffs allege that, while on the cruise, both Hilda and Delbert Evans suffered from medical issues, which ultimately lead to the death of Delbert Evans and the evacuation of Hilda Evans by air ambulance.

6.

Plaintiffs allege they are entitled to $219,318 for amounts due under policy No. AEU 101311 and statutory penalties; April denies any and all of plaintiffs' allegations and stated theories of liability.

7.

AMIC filed a cross claim against April, seeking indemnity in the event AMIC is liable to plaintiff in this matter. AMIC alleged, *inter alia*, that April breached its obligations to AMIC with respect to the issuance of the policy and failing to properly adjust Evans' claims. *See* Cross-Claim [D.E. # 11 at ¶ 11]; April denies AMIC's allegations.

8.

April files this Third Party Complaint against Seven Corners, Inc. because April contracted with Seven Corners to perform Third Party Administrator services for the relevant time period herein ("Agreement"). Under the Agreement, Seven Corners was obligated to perform all program services, including, but not limited to enrollment, reporting, claim and check processing, and other

duties as more fully described in Sections 2.1 and 3.1 of the Third Party Administrator Agreement incorporated herein.[1]

9.

Pursuant to the Agreement between Seven Corners and April, Seven Corners is obligated to "defend, indemnify and hold [April] harmless from and against all claims, actions, causes of action, liability, or which result from any negligent or willful acts, errors, or omissions of [Seven Corners]...in the performance or breach of duties under this Agreement." See Section 8.2 of the Third Party Administrator Agreement, incorporated herein.

10.

Under the Agreement, Seven Corners agreed to be the administrator for claims arising out of insurance policies delivered in Louisiana, and served as such for plaintiffs.

11.

April denies any and all liability to plaintiffs or AMIC and avers that it complied with all duties, contractual or otherwise. However, in the event April is held liable to plaintiffs or AMIC, it is due the negligent or willful acts, errors, or omissions of Seven Corners in the performance or breach of its duties under the Third Party Administrator Agreement. April is therefore entitled to contractual and/or legal indemnity and/or reimbursement from Seven Corners.

12.

Accordingly, pursuant to Federal Rules of Civil Procedure 14, April brings this Third Party Complaint against Seven Corners and asserts entitlement to indemnification, contribution, subrogation and/or reimbursement for any sums and/or damages for which it may be held liable as

---

[1] April has moved separately to file this Agreement into the record under seal as Exhibit "1."

a result of a finding of any fault, negligence, breach of contract or standard or other liability on the part of Seven Corners.

13.

Further, April prays for a trial by jury on all issues triable by jury.

WHEREFORE, Third Party Plaintiff, April USA, Inc., respectfully prays that this Third Party Complaint against Third Party Defendant, Seven Corners, Inc., be filed and that, after all legal delays and due proceedings are had herein, all claims asserted against April in the main demand be denied and there be a judgment in its favor, dismissing plaintiffs' demands with prejudice and at plaintiffs' sole cost; or alternatively, to the extent that April is held liable as a result of any fault on the part of Seven Corners, Inc., April prays for judgment in its favor and against Third Party Defendant, Seven Corners, Inc., on the Third Party Complaint, and for all damages, costs and expenses to which it is entitled in law;

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

BY:   s/Gracella Simmons
     Gracella Simmons (Bar #12082)
     Collin J. LeBlanc (Bar #24519)
     Chelsea A. Payne (Bar #35952)
     **KEOGH, COX & WILSON, LTD.**
     701 Main Street
     P.O. Box 1151
     Baton Rouge, Louisiana 70821
     Telephone: (225) 383-3796
     Facsimile: (225) 343-9612
     Email: gracella@keoghcox.com
     *Attorneys for April USA, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 26th day of January, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

          s /Gracella Simmons
         GRACELLA SIMMONS